RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/10/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DEBORA NULL

1:12-cv-1957

VERSUS

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

GEOPHYSICAL ACQUISITION
 SERVICES, INC., ET AL.

## REPORT AND RECOMMENDATION

Before the court are motions to dismiss filed by defendants, Geophysical Acquisition Services, LLC (GA Services) and Louisiana Gas Development Corp. (LGDC) on January 28, 2013 (Docs. 9 and 10) and were referred to me for report and recommendation.

### Background

Plaintiff, Debora Null (Null), through counsel, completed and signed an intake questionnaire with the United States Equal Employment Opportunity Commission (EEOC) on or about June 9, 2011. The EEOC received the intake questionniare June 13, 2011.

In the questionnaire, Null indicated she was discriminated against by her employer, GA Services, and that she wanted to file a charge of discrimination with the EEOC. She alleged that she was subjected to "vulgar and blatant sexual comments and requests" and vulgar text messages and pictures by her co-worker. Null reported the behavior to her immediate supervisor on three occassions but he failed to remedy the situation. Accordingly, she approached her supervisor's boss who suggested, after looking into the matter,

that she "return to work and 'just deal with it'". When she advised that she was uncomfortable returning to her position, he said he was sorry she felt that way but it would be several months before he could transfer her. Accordingly, Null resigned her employment August 29, 2010.

On June 28, 2011, Null filed a charge for sex discrimination and retalition with the EEOC. She named GA Services as the employer who discriminated against her and reiterated the details of discrimination which were set forth in her intake questionnaire. After the EEOC conducted an investigation, it issued a right to sue letter on April 19, 2012 advising Null she could pursue a lawsuit against GA Services, the named respondent.

On July 18, 2012 Null filed her lawsuit in this court and named GA Services and LGDC as defendants. In the lawsuit, Null asserted claims for sexual harassment under Title VII, tortious infliction of emotional distress, negligent hiring and negligent supervision. She sought an award of ordinary and exemplary damages including backpay, front pay, damages for emotional distress, inconvenience, loss of enjoyment of life, loss of benefits and interest, fees and costs.

On November 26, 2012, the Clerk of Court issued a notice advising that the suit would be dismissed for failure to serve the defendants. The following day, Null requested an extension of time within which to effect service. That motion was granted by the

undersigned on November 29, 2012 and service was made on both GA Services and LGDC on January 7, 2013.

<u>Law and Analysis</u>

<u>Failure to name LGDC in the EEOC Complaint</u>

LGDC argues that all claims against it should be dismissed because Null failed to name it in her EEOC charge and show a "clear identity of interest" between it and GA Services as required by <u>Way v. Mueller Brass Co.</u>, 840 F.2d 303 (5th Cir. 1988). In <u>Way</u>, the Fifth Circuit noted that " a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and the party named in the charge or it has unfairly prevented the filing of the EEOC charge." <u>Id.</u> at 307 citing <u>Romain v. Kurek</u>, 772 F.2d 281, 283 (6th Cir. 1985).

Null's allegation, taken as true, establish that GA Services and LGDC are joint employers with LGDC serving as the payroll entity. This allegation is based upon initial research which shows GA Services is not registered with the Louisiana Secretary of State but LGDC is. LGDC does not provide any allegations in support of its claim. At this stage in the proceeding, the allegation that there is a clear identity of interest between the two is sufficient. Should discovery provide contrary information, LGDC may pursue dismissal of the claims on a motion for summary judgment. Until then, the motion to dismiss all claims against it should be denied.

3

Timeliness of the Charge and Exhaustion of the Claims

In their motions to dismiss, the defendants argued Null's claims should be dismissed because her charge of discrimination was not timely filed. Specifically, defendants argue that Null neither signed nor filed her charge prior to the running of the 300 day delay. They argued the last act of discrimination occurred on August 29, 2010, the date of her constructive discharge, so the delay ran on June 25, 2010. Yet, the charge was signed June 28, 2011 (3 days late) and received by the EEOC July 8, 2011 (13 days late).

Null, in turn, argues her charge was timely because her intake questionnaire was received by the EEOC prior to the running of the prescriptive period and the intake questionnaire met all of the elements needed to constitute a charge under both statutory and case law. It was a written statement which set forth the details of the alleged discriminatory acts and the name of each person involved. Furthermore, it showed Null wished to file a formal charge against her employer, GA Services.

In response, defendants tacitly conceded the charge was timely filed, but only with respect to the sex discrimination claims. They argued that Null's failure to indicate in the questionnaire that she intended to pursue a retaliation claim rendered the inclusion of that claim in the formal charge as untimely, unexhausted or both.

The defendants properly conceded that Null's charge, at least with respect to the claims of sex discrimination, was timely filed. The language of 29 C.F.R. §1601.12(b)[1] and rulings from this court, the Fifth Circuit and the Supreme Court all support Null's argument: An intake questionnaire received by the EEOC within the applicable time delay which sets for the parties involved, the alleged acts and the claimant's desire to pursue a formal charge with the EEOC consitutes a timely filed charge. Taylor v. General Telephone Co. of Southwest, 759 F.2d 437, 442 (5th Cir. 1985) citing Mohasco Corp. v. Silver, 447 U.S. 807 (1980) and Love v. Pullman Co., 404 U.S. 522 (1972); Kirkland v. Big Lots Stores, Inc., 2013 WL 495782, *2-*3 (WDLA 2013), quoting Connor v. Louisiana Dep't of Health and Hospitals, 247 F.Appx. 480, 481 (5th Cir. 2007)(citing Price v. Sw. Bell Tel. Co., 687 F.2d 74, 78 (5th Cir. 1982). See also, Linton v. City of Marlin, 253 F.3d 706, 2001 WL 498737 (5th Cir. 2001) (per curium)(unpublished).

The argument GA Services and LGDC advance in support of

---

[1] "Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred."

dismissal of the retaliation claim also lacks merit. First, it is well settled that a charge can be ammended "to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." 29 C.F.R. § §1601.12(d). "[A]lleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." Id. The Fifth Circuit explained that the question is one of "whether the employee *already included* sufficient facts in his original complaint to put the employer on notice that the employee might have additional allegations of discrimination." Manning v. Chevron Chemical Co., LLC, 332 F.3d 874, 879 (5th Cir. 2003.

In this case, Null did include sufficient facts in the intake questionnaire to put her employer on notice that she might have a claim for retaliation. She claimed that she reported the alleged discrimination to her supervisor on three occassions and on the third occassion advised she would not return to work until the situation was remedied. She was told to speak to his supervisor and she did. However, he advised that she should return to work and "deal with it". Upon expressing her uneasiness to do so, he advised that a transfer could be done but it would take months.

Though the box was not checked and Null did not specifically state in the questionnaire that she was pursuing a retaliation

claim, the facts alleged certainly implied she was asserting a claim for retaliation in the form of constructuve discharge. A clarification was made in the formal charge by specificaly checking the retaliation box and stating "I was forced to resign from my employment." This clarification constituted an amendment as it arose out of the originally stated facts and as an amendment, it related back to the timely filed questionnaire. Accordingly, the defendants' arguments lack merit and should be denied.

<u>Service of Process</u>

Defendants contend the suit should be dismissed for failure to timely serve either of the defendants. A review of the record reveals that a summons was issued as to both defendants on July 20, 2012 and on November 26, 2007, the Clerk of Court issued a notice of intent to dismiss for failure to effect service undersigned. Null filed a motion for extension of time the following day and the undersigned granted the extension on November 29, 2012.

Defendants argue that the court erred in granting the motion because Null did not present evidence of good cause which would warrant an extension. As pointed out by Null, Federal Rule of Civil Procedure 4(m) allows the courts to exercise discretion when determining whether to grant of an extension, even if no cause is shown. <u>Thompson v. Brown</u>, 91 F.2d 20 (5th Cir. 1996); <u>Millan v. USAA General Indem. Co.</u>, 546 F.3d 321 (5th Cir. 2008).

Null explained that attempts were made to serve the defendants

but additional time was needed. Her request did not show a lack of effort, a willful delay or some other defiant behavior or lack of good faith by the plaintiff. This, coupled with the fact that Null's action would be time barred if the extension were not granted, warranted the determination and it was within the court's discretion. See, Millan, 546 F.3d at 325-326. Accordingly, service was timely and defendants' claim lacks merit.

State Law Claims

Defendants argue that the state law claims are prescribed. Null contends that Louisiana Revised Statute 23:303(d) provides that the one year prescriptive period is suspended during the pendency of the EEOC proceeding and once the EEOC issues the right to sue letter the plaintiff has an additional six months to file his or her claims.

A close reading of 23:303(d) shows that the maximum amount of time the one year prescriptive period may be suspended is six months. Accordingly, Null had 18 months to file her state law claims.

Null was constructively discharged on August 29, 2010 so she should have filed her claims on or before February 29, 2012.[2] However, she did not file suit until July 18, 2012, nearly two years later. As the state law claims are prescribed, they should be dismissed with prejudice.

---

[2] 2012 was a leap year; thus, it February had 29 days rather than 28.

8

CONCLUSION

In light of the foregoing,

**IT IS RECOMMENDED** that the motions to dismiss (Docs. 9 and 10) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 7th day of June, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE